RECEIVED
IN LAKE CHARLES, LA
APR 25 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **FREDERICK JOHNSON** | **CIVIL ACTION NO. 07-2238**<br>**SECTION P** |
| VS. | JUDGE TRIMBLE |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Frederick Johnson on December 26, 2007. Johnson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a life sentence imposed by the 30th Judicial District Court, Vernon Parish, following his 1977 conviction for first degree murder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED and DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

On September 15, 1977, sixteen-year-old Frederick Johnson was found guilty of first degree murder following trial by jury in the 30th Judicial District Court, Leesville, Vernon Parish, Louisiana. On September 22, 1977, he was sentenced to life imprisonment. An out-of-time appeal was granted on May 5, 1981, and counsel was ordered to pursue the appeal in

November of 1984. Petitioner's conviction and sentence were affirmed by the Louisiana Supreme Court on December 2, 1985. *State v. Johnson*, 479 So. 2d 344 (La. 1985). Petitioner states that he did not seek review from the United States Supreme Court. [Doc. 1].

Over the next decade, petitioner filed a variety of post-conviction actions in Louisiana state courts. Applications for supervisory and/or remedial writs were denied. *State ex rel. Johnson v. Butler*, 513 So. 2d 1217 (La. 1987); *State ex rel. Johnson v. Butler*, 517 So. 2d 815 (La. 1988). Writs of certiorari were denied. *State ex rel. Johnson v. State*, 563 So. 2d 896 (La. 1990); *State ex rel. Johnson v. State*, 597 So. 2d 1023 (La. 1992). Additional applications for writs were denied. *State ex rel. Johnson v. State*, 662 So. 2d 459 (La. Nov. 13, 1995); *State v. Johnson*, 673 So. 2d 1024 (La. May 31, 1996); *State ex rel. Glover v. State*, 660 So. 2d 1189 (La. Sept. 5, 1995).

On December 20, 1999, petitioner filed yet another application for post-conviction relief, which was denied as repetitive and untimely by the 30th JDC on October 17, 2000. Petitioner subsequently applied again for supervisory writs to the Louisiana Supreme Court, which denied the application as time-barred and repetitive, citing La.C.Cr.P. art 930.8. *State ex rel. Johnson v. State*, 795 So. 2d 332 (La. Aug. 24, 2001). On June 1, 2007, the Supreme Court again denied writs as time-barred, citing La.C.Cr.P. art 930.8, and *Glover*, 660 So. 2d 1189. *State ex rel. Johnson v. State*, 957 So. 2d 170 (La. 2007). Most recently, petitioner signed this petition for writ of *habeas corpus* on December 7, 2007, which was postmarked December 20, 2007, and received and filed on December 26, 2007.[1]

---

[1] The court also notes that petitioner filed petitions for writs of *habeas corpus* on 8/30/1991 and 8/16/2002. See *Johnson v. Warden, Louisiana State Penitentiary*, 91-cv-1894 (Western District of Louisiana, Lake Charles Division), and *Johnson v. Warden, Louisiana State Penitentiary*, 02-cv-1760 (Western District of Louisiana, Lake

2

## Law and Analysis

### 28 U.S.C. §2244(d)(1)(A) and the "Grace Period"

Congress revised the procedures for seeking a writ of habeas corpus when it enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Because the instant petition was filed after the effective date of the AEDPA, the court must apply its provisions, including the requirements of timeliness. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A). The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 469 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the issue of the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S.

---

Charles Division), respectively. *Johnson*, 91-1894 was dismissed without prejudice for failure to exhaust state court remedies, and *Johnson*, 02-1760 was dismissed for failure to pay the filing fee.

1074, 119 S. Ct. 1474, 143 L. Ed. 2d 558 (1999).[2]

> Section 2244(d), as amended by AEDPA, provides in relevant part:
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) & (d)(2). Because petitioner's conviction became final prior to April 24, 1996, the effective date of AEDPA, petitioner had a one-year grace period within which to timely file an application for federal habeas corpus relief. In other words, absent tolling, petitioner had until April 24, 1997 to file a timely habeas application. Petitioner did not file his *habeas* application until December 7, 2007. However, when a petition is not filed within the one-year grace period, courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Ott*, 192 F.3d at 512.

Petitioner's judgment of conviction and sentence became final on December 2, 1985, when the Louisiana Supreme Court affirmed his conviction and sentence. *State v. Johnson*, 479

---

[2] Petitioner does not suggest, however, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He has pointed to no state created impediments which prevented him from filing the instant petition; nor does he rely upon a newly discovered factual predicate to his claims; nor does he suggest reliance on a newly recognized constitutional right.

4

So. 2d 344 (La. 1985). Therefore, since petitioner's conviction became final prior to the 1996 effective date of the AEDPA, he must be afforded the benefits of the one-year "grace period." Furthermore, at the time of enactment of the AEDPA, petitioner had an application pending before the Louisiana high court. *State v. Johnson*, 673 So. 2d 1024 (La. May 31, 1996). Thus, even if the court gives petitioner the benefit of the doubt and factors in his 1996 state court filing, petitioner had one year from the May 31, 1996 date that the Louisiana Supreme Court denied his writs to file his petition for writ of *habeas corpus*.

Petitioner failed to do so. Instead, as described above, he waited until December 20, 1999 to commence his post-conviction litigation. By that time, the AEDPA limitations period had already long expired and could not be revived because any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the AEDPA's one-year limitation period. *Villegas*, 184 F.3d at 469.

Finally, because petitioner's application for post-conviction relief was dismissed by the 30th JDC and the Louisiana Supreme Court as untimely in accordance with the provisions of LSA C.Cr.P. art. 930.8, petitioner cannot avail himself of statutory tolling. A federal *habeas corpus* petitioner cannot rely upon the tolling provisions of §2244(d)(2) if his state post-conviction filing was time-barred under state law. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *Id.* (explaining that a petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period). For these reasons, the petition should be dismissed as time-barred.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Servs Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this ____ day of April _____, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE